IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BG ODP TONAWANDA, LLC,<br>Plaintiff,<br>v.<br>RADIOSHACK CORPORATION,<br>Defendant,<br>and<br>RADIOSHACK CORPORATION,<br>Third-Party Plaintiff,<br>v.<br>COMPUSA, INC.,<br>Third-Party Defendant. | ) | CASE NO. 1:09 CV 526<br><br>MAGISTRATE JUDGE<br>WILLIAM H. BAUGHMAN, JR.<br><br>**MEMORANDUM OPINION AND ORDER** |

## Introduction

Before me[1] in this diversity case are cross motions for full or partial summary judgment,[2] together with briefs in opposition to the motions,[3] and replies to those

[1] The parties have consented to my exercise of jurisdiction. ECF # 13.

[2] ECF # 38 (Plaintiff BG ODP Tonawanda, LLC (Tonawanda) motion for partial summary judgment against defendant RadioShack Corporation (RadioShack)); # 39 (Third-party defendant Old Comp Inc, f.k.a. CompUSA Inc.'s (Old Comp), motion for summary judgment against RadioShack); # 40 (Defendant and third-party plaintiff RadioShack's motion for summary judgment against third-party defendant Old Comp); and # 42 (Defendant RadioShack's motion for summary judgment against plaintiff Tonawanda). Old Comp has also filed a memorandum in support of RadioShack's motion for summary judgment against Tonawanda. ECF # 43.

[3] ECF # 49 (Old Comp's memorandum in opposition to RadioShack's motion against Old Comp); #50 (Old Comp's memorandum in opposition to Tonawanda's motion against RadioShack); #51 (Tonawanda's memorandum in opposition to RadioShack's motion against

oppositions.[4] In addition, the parties have participated in an oral argument as to the issues raised in all the related motions[5] and have submitted a stipulation of facts as directed at that hearing.[6] Moreover, there are also another pending motion and responses not addressed here.[7]

For the reasons set forth below, Tonawanda's motion for partial summary judgment against RadioShack is denied, and RadioShack's motion for summary judgment against Tonawanda is granted. The remaining motions are dismissed.

## Facts

### A. Underlying facts

The relevant underlying facts are not disputed. Through events in August and September of 1991, Computer SuperCenters International, Inc. (CSII) became the tenant in

---

Tonawanda); # 52 (Tonawanda's memorandum in opposition to CompUSA's motion against RadioShack); # 53 (RadioShack's memorandum in opposition to Tonawanda's motion for partial summary judgment); #54 (RadioShack's memorandum in opposition to Old Comp's motion for summary judgment).

[4] ECF # 62 (Old Comp's reply in support of RadioShack's motion against Tonawanda); # 63 (Old Comp's reply in support of its motion against RadioShack); #64 (Tonawanda's reply to RadioShack's opposition to Tonawanda's motion for partial summary judgment); # 65 (RadioShack's reply in support of its motion for summary judgment against Old Comp); # 66 (RadioShack's reply in support of its motion for summary judgment against Tonawanda).

[5] ECF # 70.

[6] ECF # 71.

[7] ECF # 45 (Old Comp's motion to bifurcate trial); # 58 (Opposition of RadioShack to motion to bifurcate); # 67 (Old Comp's reply brief).

a commercial property in Tonawanda, New York, as the result of a valid assignment from the original tenant and under the terms of the original lease.[8] As a condition to that assumption of the lease, Tandy Corporation, then the parent of CSII, contemporaneously executed a guaranty agreement in favor of the property's landlord, stipulating that it would guarantee CSII's performance under the lease.[9]

In April, 1993, CSII merged with and into its parent corporation, Tandy, with Tandy then succeeding to all of CSII's obligations under the lease.[10] Later that year, the then-landlord acknowledged receipt of the notice of CSII's merger into Tandy and contemporaneously discharged Tandy from its obligations under the lease guaranty agreement.[11]

Nearly four years later, in July, 1997, Tandy transferred certain assets, including its interest in the lease here, to a wholly-owned subsidiary, EVP Colonial, Inc. (EVP).[12] There is nothing in the record indicating that this transfer of interest was communicated to Tonawanda. In the same month, EVP changed its name to Computer City, Inc.[13]

---

[8] ECF # 71 at ¶¶ 1, 2, 4.

[9] *Id.* at ¶ 3.

[10] *Id.* at ¶ 5.

[11] *Id*. at ¶ 6.

[12] *Id*. at ¶ 7. There is nothing in the record to indicate, as to the property at issue here, that this transfer was communicated to the landlord or that any such notice was required.

[13] *Id*. at ¶ 8.

Approximately a year later, Tandy entered into a stock purchase agreement with CompUSA whereby Tandy sold to CompUSA all the series A and B shares of common stock of Computer City, Inc.[14] Two years after that, in 2000, Tandy changed its name to RadioShack Corporation.[15]

In 2006, Tonawanda, which was then the landlord of the property here at issue, together with CompUSA, as tenant, and B.F. of Tonawanda, Inc., d/b/a/ Best Fitness (Best Fitness), entered into an agreement whereby CompUSA assigned its interests under the lease to Best Fitness with the consent of Tonawanda.[16] Under this assignment, Best Fitness, which took occupancy of only part of the space previously leased to CompUSA, was obligated to pay only a portion of the rent due under the original lease, with CompUSA continuing to be responsible for the balance through the expiration of this assignment in 2010.[17] Best Fitness complied with its duties under the assignment,[18] but, in 2007, CompUSA defaulted in paying its portion of the rent and closed its operations nationally.[19]

As part of the process of closing CompUSA, Gordon Brothers Group LLC (Gordon Brothers), a "third-party restructuring and asset recovery firm"[20] in late 2007 acquired

[14] *Id*. at ¶ 9.

[15] *Id.* at ¶ 10.

[16] ECF #1, Attachment at 155-179 (Best Fitness assignment agreement).

[17] *Id*. at 159.

[18] *See*, ECF # 38 (Tonawanda's brief) at 13.

[19] *Id.*

[20] *Id*. at 14.

substantially all the assets of CompUSA for the purpose of liquidating those assets.[21] As noted by the Court in a recently-decided analogous case in this District, Gordon Brothers accomplished the liquidation in the process of settling outstanding claims against CompUSA by establishing a claims administration system similar to that operative in bankruptcy proceedings.[22] Specifically, creditors submitted any allowable claims against CompUSA to Gordon Brothers in the form of an assignment of that claim.[23] Upon receiving the assigned claim, Gordon Brothers would then pay the creditor a non-negotiable pro rata settlement amount in accordance with the terms of the Assignment of Claims and Distribution of Proceeds Agreement that all participating creditors had signed with Gordon Brothers.[24]

In this case, Tonawanda, the landlord at the time CompUSA closed, assigned "its entire claim against [CompUSA]" for unpaid rent in 2008 to Gordon Brothers.[25] In particular, the Assignment of Claims Form executed by Tonawanda specifically states that it was "unconditionally and irrevocably" transferring and assigning to Gordon Brothers "all [of Tonawanda's] right, title, interest, claims and causes of action in and to, or arising

---

[21] *Id.*; *see also*, *DDR Hendon Nassau Park II, LP v. RadioShack*, Case No. 1:08-cv-2535, 2010 WL 723776, at * 2 (N.D. Ohio Feb. 24, 2010) (Vecchiarelli, J.)

[22] *DDR Hendon Nassau Park II*, 2010 WL 723776, at *2.

[23] *Id.*

[24] *Id.*; *see also*, ECF # 43, Attachment at 1928-62 (Assignment of Claims Agreement).

[25] ECF # 43, Attachment at 1964-70 (Assignment by Tonawanda).

under or in connection with," its claim against CompUSA for unpaid rent.[26] Tonawanda's claim for unpaid rent, which was accepted by Gordon Brothers, was for $501,730.87.[27]

**B. Procedural facts of the present action**

Notwithstanding this 2008 assignment, in February 2009, Tonawanda initiated the present action alleging a breach of contract against RadioShack in an Ohio court, with the action subsequently being removed to this Court.[28] In the complaint, Tonawanda essentially seeks to recover from RadioShack the difference in unpaid rent between the amount received from Gordon Brothers as a result of the assignment of the claim and the full amount due under the lease.[29]

As outlined in both the complaint and its motion for partial summary judgment against RadioShack, Tonawanda maintains that RadioShack is liable for payment of that portion of the unpaid rent not otherwise recovered from Gordon Brothers[30] on the grounds that, under New York law, RadioShack remains primarily liable under the lease.[31] Tonawanda further argues that the assignment of its claims here to Gordon Brothers did not involve any rights

---

[26] *Id*. at 1965.

[27] *Id*. at 1967.

[28] ECF # 1.

[29] *Id.*

[30] *See*, ECF # 38 at 20.

[31] *Id*. at 19-20.

to proceed against RadioShack because Tonawanda expressly reserved its rights in this regard when assigning the claim against CompUSA to Gordon Brothers.[32]

RadioShack, in its reply memorandum in support of its motion for summary judgement,[33] notes that this case is "substantially similar" to the one decided by Magistrate Judge Vecchiarelli in *Hendon*, where the Court found that the landlord (Tonawanda here, DDR Hendon in that matter) had assigned its claim against RadioShack to Gordon Brothers, rendering Tonawanda not the real party in interest here and so unable to maintain this suit.[34] RadioShack further contends in its own motion for summary judgment, again citing *Hendon*, that Tonawanda lacks the capacity to maintain this action because it was a foreign corporation doing business in Ohio that had not registered to do so as required by Ohio law.[35]

## Analysis

### A. Standard of review – summary judgment

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[36] The burden of showing the absence of any such "genuine issue" rests with the moving party:

---

[32] *Id*. at 21-23.

[33] ECF # 66.

[34] *Id*. at 8 (citing *Hendon*, 2010 WL 723776, at *5).

[35] *Id*. at 12-18.

[36] Fed. R. Civ. P. 56(c).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[37]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[38] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[39] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[40]

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[41] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[42] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[43]

---

[37] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[38] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[39] *Id.* at 252.

[40] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[41] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[42] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir.2004) (quoting *Anderson*, 477 U.S. at 248-49).

[43] *Anderson*, 477 U.S. at 249-50 (citation omitted).

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[44] However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[45]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[46] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[47] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[48]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial

---

[44] *Id.* at 252.

[45] *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

[46] *Anderson*, 477 U.S. at 256.

[47] *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[48] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

court in ruling on a motion for summary judgment.'"[49] Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[50]

However, the district court may consider evidence not meeting this standard unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[51]

As a general matter, the judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[52] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[53] The judge's sole function is to determine whether there

---

[49] *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

[50] *Id.* at 225-26 (citations omitted).

[51] *Id.* at 226 (citations omitted).

[52] *Anderson*, 477 U.S. at 248.

[53] *Id.* at 249.

is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[54]

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[55]

**B. Application of standard – Tonawanda is not the real party in interest, and RadioShack is entitled to summary judgment.**

Since, as RadioShack observes, the precise issue of whether Tonawanda retained any basis for suit after making an assignment of its claim to Gordon Brothers was very recently considered and resolved by Magistrate Judge Vecchiarelli in *Hendon*, I will not needlessly employ judicial resources to recover the same analytical ground. It is sufficient here for me to note that I have reviewed the Court's reasoning and conclusions in *Hendon* in light of the facts and arguments of this case and adopt them here as my own. Accordingly, I find, for the reasons set forth in *Hendon*, that Tonawanda transferred all its claims pertaining to the lease at issue here to Gordon Brothers, and therefore, it cannot maintain this action based on an assertion of such claims. Further, although I find *Hendon*'s analysis persuasive as to whether Tonawanda was transacting business in Ohio and thus required to register as a condition to bringing suit, I conclude it is unnecessary to formally decide that issue in light of my a decision as to the assignment of the claim. Finally, having found that Tonawanda is not the

---

[54] *Id.*

[55] *Id.* at 250.

real party in interest here, I decline to adjudicate any remaining issues raised by these parties or by Old Comp.

**C. RadioShack's third-party complaint against Old Comp**

There remains pending RadioShack's third-party complaint against Old Comp.[56] This is the same procedural posture that existed in *Hendon* after the ruling on summary judgment motions. In that case, Judge Vecchiarelli granted RadioShack's motion to dismiss the third-party complaint without prejudice and entered judgment.[57] She thereafter issued a certification of no just cause for delay under Federal Rule of Civil Procedure 54(b) as a measure of caution.[58] I invite RadioShack to move to dismiss the third-party complaint without prejudice here, and I will enter the appropriate judgment.

## Conclusion

For the reasons stated, RadioShack's motion for summary judgment is granted, Tonawanda's motion for partial summary judgment is denied, and all other motions are dismissed.

IT IS SO ORDERED.

Dated: June 29, 2010

s/ William H. Baughman, Jr.
United States Magistrate Judge

[56] ECF # 10.

[57] *Hendon*, Case No. 1:08cv2535, ECF #s 71 and 75.

[58] *Id.*, ECF # 77.